UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN H. RAY, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-11370-RGS |
| | ) | |
| ROPES & GRAY LLP, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 37.1, Defendants respectfully submit this memorandum in support of their motion for an order compelling Plaintiff to produce documents responsive to Defendants' First Set of Document Requests, and to provide information responsive to Defendants' First Set of Interrogatories.

**BACKGROUND**

**A.  Introduction**

This case concerns Plaintiff's allegations that Defendants discriminated against him by not elevating him to the partnership at Ropes & Gray; and then retaliated against him by, *inter alia*, not providing him with references so that he could seek other employment. In addition to these and other claims (including breach of contract and breach of the covenant of good faith and fair dealing), Plaintiff has also alleged that one defendant defamed him by making false statements to others that harmed his reputation. Plaintiff filed his Complaint on August 2, 2011.

Although Plaintiff makes multiple allegations that Defendants discriminated against him when he was not elevated to the partnership, he has refused to provide Defendants with any facts

that would support his allegations. Rather, his discovery responses are mere regurgitations—or wholesale incorporation—of his complaint, failing to provide any factual support for his claims. Defendants are entitled to actual facts, or to an admission that Plaintiff has no evidence to substantiate his otherwise unsupported belief that he was the alleged victim of discrimination.

**B. Discovery History.**

On October 28, 2011, this Court entered a scheduling order that remains currently operative. According to that scheduling order, the parties are to conclude fact discovery by June 29, 2012. As of the date of this filing, the parties are past the midpoint of the fact discovery period.

Defendants filed their Consolidated Answer to Plaintiff's Complaint on November 23, 2011. On December 23, 2011, Defendants served their First Set of Interrogatories to Plaintiff and First Set of Document Requests to Plaintiff. *See* Ex. 1 (Plaintiff's Responses to Defendants' First Set of Interrogatories); Ex. 2 (Plaintiff's Responses to Defendants' First Set of Document Requests). On January 30, 2012 Plaintiff served Defendants with approximately 1,500 pages of responsive documents.

Upon review both of Plaintiff's written discovery responses and the documents he produced, Defendants determined that many of those responses were deficient under the Federal and Local Rules; Plaintiff failed to provide information and documents as requested and required. Counsel for Defendants requested a teleconference with counsel for Plaintiff to discuss the deficient responses; that teleconference took place on February 9, 2012. The conference lasted for approximately one hour. Present on behalf of Plaintiff were counsel, Latif Doman and Reginald Richter. Present on behalf of Defendants were counsel, Christopher Hart and Daniel McFadden.

At the February 9 teleconference, counsel for Defendants discussed the deficiencies in Plaintiff's responses. Specifically, Defendants pointed to the following deficiencies:

| DEFICIENCY | INTERROGATORY | DOCUMENT REQUEST |
|---|---|---|
| Failure to identify persons under Local Civil Rule 26.5(c)(3). | 2, 9, and 11 | |
| Failure properly to "state the basis" for allegations under Local Civil Rule 26.5(c)(8). | 4, 6, 16, 19, 21, 22, 23, and 24 | |
| Improper relevancy, overbreadth, and/or burdensomeness objections, and insufficient information. | 2, 3, 26, 28, 30, 31, 32, 33, 34, 36, 37, 38, and 39 | 45, 73 and 74 |

Upon discussing these deficiencies, counsel for Plaintiff stated he would take the following actions:

- Provide documents in response to interrogatories 2 and 26;

- Provide supplemental responses to interrogatories 6 and 16;

- "Consider expanding" responses to interrogatories 36 - 38; and

- Move to amend Plaintiff's complaint to address deficiencies regarding interrogatory 28.

Plaintiff further stated that he would "stand on all other objections and responses" to the remaining discovery requests. *See* Ex. 3 at 2 (email exchange between Christopher Hart and Latif Doman).

After the February 9 teleconference, counsel for Plaintiff stated that he would produce additional documents to supplement his responses "shortly." *See* Ex. 4 (February 14, 2012 email from Latif Doman to Christopher Hart). Counsel for Defendants called counsel for Plaintiff to

- 3 -

inquire why the documents had not yet been served, and then sent an email after more time passed. *See id.* (February 29, 2012 email from Christopher Hart to Latif Doman). A day after the February 29 email communication, counsel for Defendant served two pages of additional documents. These were two pages of redacted tax returns.

In addition to the two pages of documents, Plaintiff served on February 14, 2012 supplemental responses to interrogatories 4, 6, 16, 26, 27, 30, 32, and 36 - 39. *See* Ex. 5 (Plaintiff's Verified Supplemental Responses to Defendants' First Set of Interrogatories).

Again, after review, Defendants contacted Plaintiff on March 12 to discuss the deficiencies in these responses and in the additional document requests. A telephonic conference was held on March 19 to discuss the deficiencies in the supplemental responses. *See* Ex. 6 (March 16, 2012 email from Christopher Hart to Latif Doman). The conference lasted approximately one hour. Present on behalf of the Plaintiff was counsel Latif Doman. Present on behalf of the Defendants were counsel Christopher Hart and Daniel McFadden. As counsel for Defendants stated, the supplemental responses and additional documents failed to provide information sufficient to remedy the deficiencies in Plaintiff's initial responses. At the end of the conference, counsel for Plaintiff agreed to provide documents or supplemental responses to interrogatories 2 and 26; counsel for Plaintiff expressed uncertainty whether Plaintiff would be filing an amended complaint to cure the deficiencies to interrogatory 28, but would nevertheless provide a complete answer to that interrogatory. Counsel for Plaintiff represented he would be providing those supplementation by March 23. *See* Ex. 7 (March 20, 2012 email from Christopher Hart to Latif Doman).

Accordingly, as of the date of this filing, the parties have not reached agreement on interrogatories 3, 4, 6, 16, 19, 21, 22, 23, 24, 30, 32, 37, and 38; and document requests 45, 73,

and 74.  The parties have reached agreement on interrogatories 2, 26, and 28:  counsel for Plaintiff agreed to provide supplemental responses on these interrogatories by March 23.  However, as of this filing, those supplemental responses have not yet been received.

## ARGUMENT

Rather than documents and information, Plaintiff has proffered instead multiple, specious objections to numerous reasonable discovery requests.  As a result, Plaintiff has failed to provide much of the information to which Defendants are entitled, as required under the Federal and Local Rules.  Failure to provide such information hinders Defendants' ability to understand the basis for, evaluate, and prepare a defense against Plaintiff's allegations.

The standard for discovery is articulated by Federal Rule 26(b)(1), which "authorizes the discovery of relevant information, which 'need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  *McCarron v. J.P. Morgan Securities*, No. 07-10786-RGS, 2008 WL 2066940 at *2 (D. Mass. May 14, 2008) (quoting Fed. R. Civ. P. 26(b)(1)).  "Relevancy is broadly construed at the discovery stage of litigation, and a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the subject matter of the action."  *Id.* (emphasis added) (quoting *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D. Mass. 1984)).

Plaintiff has failed to produce relevant information as required by this Rule, for the following reasons:

*First,* Plaintiff has improperly failed to provide complete information to the following interrogatories:

- **Interrogatory No. 2**:  Plaintiff has failed to provide any response at all to interrogatory number 2, which requests that Plaintiff "State the identity of all employers and

sources of income from June 30, 2009, to the present." *See.* Ex. 3 at 1.  In his initial response, Plaintiff responded merely that "Plaintiff shall produce financial records sufficient to respond to this interrogatory." *See id.*  After the February 9 teleconference, Plaintiff admitted that the documents had not been provided but pledged to produce the documents "shortly."  *See* Ex. 4 (February 14, 2012 email from Latif Doman to Christopher Hart).  After counsel for Defendants called counsel for Plaintiff regarding these documents, and then sent an email when they had not yet been produced, *see id.* (February, 29, 2012 email from Christopher Hart to Latif Doman), counsel for Defendant produced two pages of additional documents.  These were two pages of redacted tax returns, that indicated only gross annual income for 2009 and 2010.  These utterly failed to provide the information requested under interrogatory 2, and Plaintiff has not objected to the information requested under this interrogatory.

Defendants are entitled to a response to interrogatory 2.  Plaintiff is publicly identified as a "Senior Associate" at Kachroo Legal Services, P.C.  Current legal employment would likely mitigate Plaintiff's damages claim. For example, to the extent Plaintiff is claiming an entitlement to lost wages under federal law, Defendants are entitled to investigate Plaintiff's interim earnings and amounts earnable with reasonable diligence.  *See Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d 368, 379 (2004) (considering damages under 42 U.S.C. s 2000e-5(g)(1)).

- **Interrogatory No. 26**: Similarly, for interrogatory 26,[1] in his supplemental responses, Plaintiff stated that he "applied to several other potential employers," without identifying who those employers were, but that he would "provide documents identifying those

---

[1] Interrogatory 26 requested that Plaintiff "[i]dentify each employer to whom [he] applied for employment from June, 2007 to the present."  Ex. 5 at 4.

employers in lieu of listing each one." Ex. 1 at 11.  Again, however, Plaintiff has failed to provide such documents.  Defendants are entitled to a complete response to interrogatory 26: without complete information regarding where Plaintiff applied for employment—and whether he was made an offer or was rejected—it is impossible to know whether Plaintiff sustained any harm from being terminated from his employment at Ropes & Gray; or whether the alleged failure to receive requested references played any role in his employment search.

*Second*, Plaintiff has improperly objected to several interrogatories to which Defendants are entitled to information:

- **Interrogatory No. 3**.  This interrogatory calls for Plaintiff to "set forth in detail [his] claim for damages in this matter."  It requests "the amount of each element or component of damages claimed as well as the factual basis for such claim."  Rather than provide a response, Plaintiff objects that the request is "premature in that it calls for ultimate issues to be proven at trial," and that "damages are to be determined at trial."  Ex. 1 at 2.  Plaintiff then merely lists the kinds of damages available to a hypothetical claimant, including "other damages yet to be determined," and rather than data, calculations, or factual bases for each category of damages, states merely that he is "entitled to these damages" because "Defendants discriminated against him . . . and, then, retaliated against him."  This is no response at all.  Absent specific information regarding each one his claims for damages, Defendants are at sea in determining how to evaluate Plaintiff's claims and prepare a defense against them.  If Plaintiff has no basis for his damages claim, he should so state.  But it is no response to state that "damages are to be determined at trial."  Plaintiff should be required to state with specificity what he believes his damages claims are, and how he has reached his determination and thus what evidence he intends to attempt to adduce on the subject at trial.  Nothing prevents him from supplementing or

amending his responses at a later date (although Defendants do not waive their right to challenge a supplemental response for other reasons).  But without that information in advance, the plaintiff's damage evidence would be an ambush for the defendants.

- **Interrogatories Nos. 30, 32, 37, and 38**; **Document Requests 45, 73 and 74**:

These interrogatories request information regarding, respectively, (a) whether Plaintiff had been fired or laid off from any job or employment, (b) whether Plaintiff has ever made claims of racial discrimination, (c) whether Plaintiff was ever a party or witness in any legal proceeding (including a criminal proceeding), and (d) whether Plaintiff has ever not been a member in good standing of any state or federal bar to which he was admitted.  The document requests seek documents concerning (a) reviews from previous legal employers, (b) documents concerning lawsuits to which Plaintiff was a party, and (c) documents concerning claims against other employers.  To each of these, Plaintiff has objected on grounds of overbreadth and relevancy, and has provided either no information and documents, or improperly limited information.

Defendants are entitled to a full response, for two reasons.  First, because Plaintiff "has put a claim of injury to his reputation in play," Defendants are "entitled to seek discovery of information that is likely to shed light on that reputation, even though some aspects of that information may prove inadmissible at trial."  *McCarron*, 2008 WL 2066940 at \*2 (denying a motion for a protective order and allowing discovery of, among other things, "performance evaluations . . . records of discipline . . . and any documents relating to termination of . . . employment" of a plaintiff who had alleged reputational harm).  Each one of these questions seeks discoverable information regarding Plaintiff's reputation and character.  Plaintiff has filed a claim for defamation, which claims *inter alia* that Plaintiff's reputation has been harmed, and that he is entitled to damages as a result.  Second, Plaintiff has stated that he sought employment

from multiple different employers, including various U.S. Attorney's offices; whether Plaintiff was eligible to be hired for this position of trust depends in part on his personal and professional background, including (but not necessarily limited to) any criminal record or bar discipline. *See*, *e.g.*, Ex. 8 at P338 (application for the U.S. Attorney's Office for the Southern District of New York, advising applicant of FBI background check). Third, Defendants have, through independent investigation, uncovered evidence that Plaintiff may have sustained a criminal conviction contemporaneously with his employment at Ropes & Gray, and as such believe that Plaintiff has not provided information that Defendants have a good faith reason to believe exists.

***Third***, Plaintiff has improperly relied on his Complaint to answer interrogatories 4 ("Plaintiff incorporates Paragraphs 1 through 380 of the Complaint into this response), 6 ("Plaintiff incorporates paragraph 141 through 162 of the Complaint into this response") and 16 ("Plaintiff incorporates Paragraph 281 of the Complaint into this response"). Under Rule 33(b)(3), a party must answer "[e]ach interrogatory . . . separately and fully in writing under oath." As such, "interrogatory answers must be complete in and of themselves; other documents or pleadings may not be incorporated into an answer by reference." *Mahoney v. Kempton*, 142 F.R.D. 32, 33 (D. Mass. 1992); *see also Huggins v. NC Dep't of Admin.*, No. 5:10-CV-00414-FL, 2012 U.S. Dist. LEXIS 22903 at *5 (W.D.N.C. January 30, 2012) (citing *Mahoney*) ("[Rule 33(b)(3)'s] requirement has been interpret to exclude answering by reference to other documents such as pleadings, depositions, or other discovery responses."). These interrogatories, which ask the plaintiff to "state the basis" for his allegations of discriminatory conduct, require a factual response that informs the defendants of the evidence he intends to attempt to adduce to show discrimination. It is no answer to a question that seeks to elicit *facts* to merely repeat a conclusory *allegation.* Accordingly, plaintiff may not lean on his Complaint, and must answer

interrogatories 4 and 16 (as well as interrogatories 9, 11, 12, and 13, which refer to the response to interrogatory 4 by reference) fully and completely without reference to the pleadings in this matter.

*Fourth*, for interrogatories 4, 6, 16, 19, 21, 22, 23, and 24, which request the Plaintiff to "state the basis" for certain allegations in the Compalint, Plaintiff has failed properly to answer as required by Local Rule 26.5. He has instead either typically supplied one-sentence responses that are unilluminating or has simply referred back to the pleading's allegations. Under Local Rule 26.5, when asked to "state the basis" of an allegation, a party is required to answer in the following manner:

> (a) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
>
> (b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
>
> (c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and
>
> (d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

Local Civ. R. 26.5(c)(8). Plaintiff has failed, completely, to do *any* of the work required under this Rule: no documents have been properly identified and no communications have been identified, and separate acts and omissions have not been stated other than in conclusory fashion. Instead, counsel for Plaintiff stated that Defendants are merely "entitled to a fair response, not the response you desired." *See* Ex. 3. A "fair response" is the response the Local Rules

explicitly direct, and at the very least is a *complete* response. Defendants are entitled to a complete response as required under the Rules, for each one of these eight interrogatories.

*Fifth*, for interrogatories 2 (asking for the identity of Plaintiff's employers and sources of income from June 30, 2009 to the present) and 26 (asking for the identity of employers to whom Plaintiff applied for employment from June 2007 to the present), Plaintiff has failed properly to "identify" persons. Under Local Rule 26.5(3), to "identify" a person "means to give, to the extent known, the person's name, present or last known address, and, when referring to a natural person, the present or last known place of employment." Plaintiff has not provided this information for these interrogatories, and Defendants are entitled to this information.[2]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request an order compelling complete responses to interrogatories 2, 3, 4, 6, 16, 19, 21, 22, 23, 24, 26, 28, 30, 32, 37, and 38; and to documents sought by document requests 45, 73, and 74.

Respectfully submitted,

ROPES & GRAY LLP, DAVID C. CHAPIN,
JOHN D. DONOVAN, JR., KEITH F. HIGGINS,
JESSE J. JENNER, WILLIAM A. KNOWLTON,
BRADFORD R. MALT, JOAN MCPHEE, JOHN

---

[2] Additionally, Plaintiff has failed to provide (although he has agreed to provide) information under interrogatory 28, which asks for the specific, allegedly defamatory statements made by Defendant Joy Curtis. Defendants are entitled to a response, and Plaintiff has not disputed this point; rather, Plaintiff stated on February 9 that he would be moving to amend; but on March 19, stated instead he would provide a complete response by the date of this filing. As of this filing, that response has not been forthcoming.

T. MONTGOMERY, OTHON A . PROUNIS, DAVID M. MANDEL, ROBERT G. JONES, RANDALL W. BODNER, BRIEN T. O'CONNOR and JOY U. CURTIS,

By their attorneys,

/s/ Christopher R. Hart
Michael B. Keating, Esq.
    (Mass. BBO #263360)
Martin F. Murphy, Esq.
    (Mass. BBO #363250)
Christopher R. Hart, Esq.
    (Admitted *pro hac vice*)
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210-2600
Tel: (617) 832-1213
Fax: (617) 832-7000
mkeating@foleyhoag.com
mmurphy@foleyhoag.com
chart@foleyhoag.com

- and -

Lisa G. Arrowood
    (Mass. BBO #022330)
ARROWOOD PETERS LLP
10 Post Office Square, Suite 1180-N
Boston, MA 02109
617-849-6200
LArrowood@arrowoodpeters.com

*Counsel for Defendants*

Dated:  March 23, 2012

x

- 13 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as unregistered participants, on March 23, 2012.

                                      /s/ Christopher R. Hart
                                      Christopher R. Hart, esq.